IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD HOEFT,

                Plaintiff,                OPINION AND ORDER

v.

                                                11-cv-389-wmc

BOB HANSEN and
MRS. BOB HANSEN,

                Defendants.

---

Plaintiff Richard Hoeft has filed a complaint under 42 U.S.C. § 1983, alleging that defendants Bob Hansen and Mrs. Bob Hansen violated Hoeft's civil rights by committing "slander, libel and defamation of character" against him. Hoeft has been granted leave to proceed *in forma pauperis* and the complaint is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, the court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).

In screening any pro se litigant's complaint, the court must construe his claims generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the pleadings in this light, the court concludes that Hoeft's complaint must be dismissed for reasons outlined below.

ALLEGATIONS OF FACT

In his complaint Hoeft alleges, and the court assumes for purposes of this order, the following facts:

Plaintiff Richard Hoeft is a resident of Park Falls, Wisconsin. Defendants Bob Hansen and Mrs. Bob Hansen also reside in Park Falls.

Hoeft sells firewood in the Park Falls area. In April of 2011, Hoeft placed an advertisement in the local newspaper, which read:

> Red oak and hard maple firewood. Dry. $50.00 a face cord, delivered anywhere. Buy 5 cord, get 1 free. Best wood you can get.

Bob Hansen called Hoeft about the ad and agreed to buy six cords. After Hoeft delivered all six cords, Bob Hansen said that he did not want the wood and was not going to pay for it. After an argument concerning payment, Hoeft reluctantly agreed to allow Hansen to pay $200.00 instead of $250.00.

A few days after the transaction, Hoeft saw Hansen and his wife in a local grocery store in Park Falls. As the Hansen's were walking out, Hoeft saw them post a paper on the bulletin board. The poster was a copy of Hoeft's ad on which the Hansens had written "False Advertisement!!," "Not red oak or hard maple," "Not dry" and urged people to "[c]ontact the local sheriff's [department] if [they] were scammed" by Hoeft.[1]

Hoeft claims that several other people saw the Hansens' poster before he could rip it down and that he heard one woman exclaim that she was "thinking about getting wood from that guy, but not now." Hoeft seeks damages in the amount of $100,000 for the defendants' defamatory remarks.

---

[1] Hoeft refers to this poster in his complaint as an attached exhibit, but he did not file the exhibit until two months later. *See* dkt. #4.

OPINION

Generally, a federal court such as this one has the power to hear two types of cases: (1) cases in which a plaintiff alleges a cognizable violation of his rights under the Constitution or federal law; and (2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-32. Hoeft's allegations do not support either type of case.

In order to find a defendant liable under 42 U.S.C. § 1983, a plaintiff must establish that (1) he had a constitutionally protected right, (2) he was deprived of that right in violation of the Constitution, (3) the defendant intentionally caused that deprivation and (4) the defendant acted under color of state law. *Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009); *Schertz v. Waupaca County*, 875 F.2d 578, 581 (7th Cir. 1989). Mr. and Mrs. Hansen are not state actors for purposes of stating a claim under § 1983. *See Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 937 (1982) (explaining that person acting under color of a state law, must be "one who is in fact a state official," one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State)." Moreover, Hoeft's allegations of defamation raise state tort law claims, not federal law or constitutional claims. *Paul v. Davis*, 424 U.S. 693, 712 (1976). In other words, Hoeft's allegations of defamation do not state a claim for which relief may be granted under 42 U.S.C. § 1983. *See id*. Accordingly, Hoeft's claim under § 1983 must be dismissed.

To pursue his state-law defamation claims in federal court, the amount in controversy must exceed $75,000 and there must be complete diversity of citizenship, meaning that Hoeft may not be a citizen of the same state as either of the defendants. 28 U.S.C. § 1332(a)(1); *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). Although Hoeft alleges more than $75,000 in damages, he alleges that he and both defendants live and work in Wisconsin. Hoeft's allegations do not otherwise implicate federal subject matter jurisdiction.

Recognizing that his state-law claims fail to establish the requisite jurisdictional hook, Hoeft invokes 28 U.S.C. § 1367(a), which authorizes "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Once the primary federal claims have been dismissed, however, "the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 480 (7th Cir. 2012) (citation omitted). Because Hoeft's federal claim is not actionable, the court declines to exercise supplemental jurisdiction over his state-law claims here.

ORDER

IT IS ORDERED that plaintiff Richard Hoeft's civil rights complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which

relief can be granted under 42 U.S.C. § 1983. Hoeft's state-law defamation claims are DISMISSED without prejudice for lack of subject matter jurisdiction.

Entered this 24th day of October, 2012.

BY THE COURT:

WILLIAM M. CONLEY
District Judge